IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2009

## AUGUSTINE J. LEON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 89431    Mary Beth Leibowitz, Judge**

_____

**No. E2008-01746-CCA-R3-PC - Filed December 22, 2009**

_____

The Petitioner, Augustine J. Leon, pled guilty to evading arrest and reckless endangerment, both Class E felonies, and eleven other misdemeanor traffic offenses. The Petitioner received an effective sentence of two years as a Range I, standard offender, to be served in the Department of Correction consecutively to a previously imposed sentence of three years, for a total effective sentence of five years. The Petitioner filed a post-conviction petition attacking his convictions and sentence based upon his alleged mental incompetence at the time of the guilty plea, failure of the State and the trial court to disclose his mental illness, and the failure of trial counsel to seek a mental evaluation prior to the entry of his guilty pleas. The post-conviction court summarily dismissed the petition as time-barred. In this appeal as of right, the Petitioner argues that due process concerns necessitated tolling the statute of limitations for filing his petition, and therefore the post-conviction court improperly dismissed the petition. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Augustine J. Leon, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that in case number 83366, the Petitioner was charged via criminal information with evading arrest, reckless endangerment, driving on a suspended license, failing to provide proof of insurance, failing to provide proof of vehicle registration, failing to obey a traffic control device, speeding, making an unlawful turn, failing to drive within a single lane of traffic, failing to yield, driving without tail lights, improperly passing a vehicle, and improperly parking. These charges resulted from a September 2005 incident in which a Tennessee Highway Patrol (THP)

trooper attempted to stop the Petitioner's car. The Petitioner led the police on a fifteen-minute chase before the Petitioner crashed into a THP cruiser.

The Petitioner waived indictment and pled guilty to all charges. Pursuant to the plea agreement, the Petitioner agreed to be sentenced as follows:

| Offense(s) | Sentence(s) |
|---|---|
| Evading Arrest (Class E felony) | 2 years as Range I, standard offender |
| Reckless Endangerment (Class E felony) | 2 years as Range I, standard offender |
| Driving on Suspended License (Class B misdemeanor) | 6 months |
| All other offenses (ten total; all Class C misdemeanors) | 30 days for each offense |

The parties agreed that the Petitioner would serve his sentences in this case concurrently, resulting in an effective sentence of two years. The manner of sentence was left to the trial court's discretion. At the time of these offenses, the Petitioner was on probation for an unrelated case, docket number 78175; pursuant to the agreement, the Petitioner agreed to serve his sentences in case 83366 consecutively to any sentence resulting from a revocation in case 78175.

On October 12, 2006, the trial court held a sentencing hearing to determine the manner of service in case number 83366. This hearing also served as a probation revocation hearing in case 78175. At the conclusion of the hearing, the trial court ordered the Petitioner to serve his two-year sentence in case 83366 in the Department of Correction. The court also revoked the Petitioner's probation in case 78175 and ordered that the originally imposed three-year also be served in the Department of Correction. Pursuant to the plea agreement, the trial court ordered the sentences in the two cases to be served consecutively, resulting in an effective term of five years.[1]

In June 2008, the Petitioner filed a pro se post-conviction petition alleging that: (1) his guilty plea was not knowingly, voluntarily, and intelligently entered because of his "psychological troubles"; (2) the trial court improperly imposed consecutive sentences; (3) the State and the trial court withheld exculpatory evidence from his trial counsel related to the Petitioner's mental health; (4) the trial court, as director of the Knox County Drug Court,[2] "knew the Petitioner was placed in a mental hospital in the past," and therefore the trial court erred by "allowing a mentally ill person to enter a plea without a [p]sychological [e]valuation in violation of the 6th and 14th Amendment[s]

---

[1] The Petitioner did not appeal the trial court's sentencing decision. However, in September 2007, the Petitioner filed numerous motions in the trial court attacking the sentence. In April 2008, the trial court dismissed the motions for lack of jurisdiction.

[2] The trial court judge did not preside over the post-conviction proceedings in this case.

to the United States Constitution [and] of the [Constitution] of the State of Tennessee"; and (5) the Petitioner received the ineffective assistance of counsel in that counsel "knew [that the] [p]etitioner was mentally ill and just flat out refused to do anything for [the] [p]etitioner. [Counsel] let [the] State have free rei[g]n [over] Petitioner[.]" Specifically, the Petitioner asserted that counsel was ineffective for failing to obtain a mental evaluation for the Petitioner.

In his petition, the Petitioner argued that he should "be excused from the one[-]year statute [of limitations] for filing this [petition], because he is not equip[p]ed to make any sound judgments[,] much-less [sic] life[-]altering guilty plea's [sic]." The Petitioner stated that he "had been off all medication since 2003. . . . [H]e has been on his proper dose of medicine's [sic] since Dec. 2007, and [it] was'nt [sic] [until] recent[ly] that he comprehend[ed] his right to [due] [p]rocess under the 14th Amendment [to] the United States Constitution." On June 24, 2008, the post-conviction court summarily dismissed the petition as untimely. The Petitioner appeals the summary dismissal and argues that due process requires a tolling of the post-conviction statute of limitations.

## ANALYSIS

### *Jurisdiction of Appellate Court*

As an initial matter, the State argues that the Petitioner's appeal should be dismissed as untimely. The notice of appeal in this case has been the subject of some difficulty before this court. Although absent from the technical record in the post-conviction case (case no. 89431), this court's record confirms that a notice of appeal was filed with the trial court on August 19, 2008. Our review of the original trial court record indicates that it was erroneously filed in that case (case no. 83366) on that date. Additionally problematic, the notice does not contain any statement from the Petitioner or prison authorities indicating when the Petitioner submitted the notice to the prison mail room. However, several pleadings before this court contain a declaration that the Petitioner placed the document in the correctional facility's internal mail system on July 11, 2008.

Tennessee Rules of Appellate Procedure 4(a) provides that "the notice of appeal required by Rule 3 [of the Tennessee Rules of Appellate Procedure] shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." However, a notice of appeal filed by a pro se litigant incarcerated in a correctional facility shall be considered timely if the notice is "delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). "[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). In the instant case, although the Petitioner did not follow strictly the requirements for perfecting his appeal, the record indicates that the Petitioner's intention to perfect his appeal in a timely manner. Additionally, this court generally affords pro se litigants some latitude regarding procedural matters. Therefore, we conclude that the interest of justice requires a waiver of the filing of the notice of appeal and the case is properly before this court.

### *Propriety of Summary Dismissal*

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief

must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006). A trial court must dismiss any petition not filed within the limitations period. Tenn. Code Ann. § 40-30-106(b). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. 4(a) and (c)). In this case, the Petitioner did not appeal the judgments entered on October 12, 2006, so these judgments became final thirty days later, on November 11, 2006. In the petition and before this court, the Petitioner acknowledges that his June 2008 petition was filed beyond the expiration of the one-year limitations period, but he alleges that the statute of limitations should be tolled for due process concerns due to his alleged mental incompetence during the limitations period.

Our supreme court has held that "due process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence" throughout the limitations period. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000). However, after its decision in Seals, the supreme court "reject[ed] the . . . contention that due process requires tolling for incompetency upon the mere assertion of a psychological problem. . . . [M]ental illness is not the equivalent of mental incompetence." Nix v. State, 40 S.W.3d 459, 463 (Tenn. 2001). The court added:

> We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal . . . . The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. . . . [A] petitioner may [also] rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioners inability to understand his legal rights and liabilities.

Id. at 464.

The Petitioner attached to his petition various documents associated with four hospitalizations at Peninsula Hospital, a psychiatric facility, between September 1999, when he was fifteen years old, and May 2000, when he was sixteen years old. Each hospitalization appears to have been related to a suicide attempt. He also included a discharge summary detailing his treatment at Peninsula Lighthouse, an outpatient facility, which occurred between November 1999 and March 2000. These documents detail the Petitioner's treatment for depression, bipolar disorder, and other impulse control and anger management-related difficulties. However, these documents were completed when the Petitioner was a juvenile – six to seven years before the entry of the guilty plea and the beginning of the limitations period. In our view, these documents are insufficient to

establish prima facie evidence of the Petitioner's inability to manage his personal affairs or understand his legal rights and liabilities.

The Petitioner also included an August 2004 report prepared by the Knox County Drug Court Program which focused primarily on the Petitioner's substance abuse difficulties as they related to his then-pending charges. The report noted that the Petitioner did suffer from anxiety but that as of August 2004, he was "experienc[ing] no depression, no suicidal ideations, and no plans to make any suicide attempts." Specifically relevant to our inquiry regarding the Petitioner's ability to manage his personal affairs or understand his legal rights and liabilities contemporaneous to the instant offenses is the fact that the August 2004 report noted the Petitioner's desire to maintain his recently purchased residence in Northwest Knox County rather than residing in a more structured and recommended halfway house. Also significant is the fact that the August 2004 report was prepared during the time period which the Petitioner now alleges he was not taking his medication, yet the report noted no present mental illness issues or concerns. Furthermore, the Petitioner has not included any documentation to support his assertion that he was taken off his medication in 2003 and was not put back on medication until 2007 nor does the petition mention which medicines the Petitioner stopped taking in 2003 or which ones he began taking in 2007. In short, the Petitioner has provided only "[u]nsupported, conclusory, [and] general allegations of mental illness," which are insufficient "to require tolling and prevent summary dismissal" of his petition. See Nix, 40 S.W.3d at 464. Accordingly, we conclude that the Petitioner is not entitled to due process-based tolling of the limitations period.

## CONCLUSION

The post-conviction petition in the instant case was untimely, and the Petitioner's allegations do not require due process-based tolling of the limitations period. We therefore affirm the post-conviction court's order dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE